UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| JARVINA GRIFFIN, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | 1:13-cv-417 |
| | ) | *Judge Curtis L. Collier* |
| | ) | |
| SHERIFF JOHN S. FUSON, DEPUTY | ) | |
| WRIGHT, SGT. JANUSAS; CCU; | ) | |
| ABL FOOD SERVICES MANAGEMENT, | ) | |
| CCS MEDICAL CARE, | ) | |
| | ) | |
| *Defendants*. | ) | |

**MEMORANDUM**

Presently before the Court is a complaint filed pursuant to 42 U.S.C. § 1983 by Plaintiff Jarvina Griffin ("Plaintiff") (Court File No. 1) and a motion to proceed *in forma pauperis* (Court File No. 2). Plaintiff brings this action against Sheriff Fuson, Sheriff of Montgomery County, and two members of the staff at the Montgomery County Jail, as well as companies that provide services at the jail, alleging that conditions of her confinement are unconstitutional.

**I.** *IN FORMA PAUPERIS* **APPLICATION**

Although it appears from the application to proceed *in forma pauperis* submitted by Plaintiff that she lacks sufficient financial resources at the present time to pay the required filing fee of $350.00, she is not relieved of the ultimate responsibility of paying the $350.00 filing fee (Court File No. 2). Thus, Plaintiff's motion to proceed *in forma pauperis* is **GRANTED IN PART** and **DENIED IN PART** (Court File No. 2). It is **GRANTED** to the extent Plaintiff is permitted to file her complaint without prepayment of the full filing fee but **DENIED** to the extent that she is not relieved of the ultimate responsibility of paying the $350.00 filing fee, as she will be assessed the

fee and required to make the payment in installments. Since Plaintiff is a prisoner in custody at Montgomery County Jail, in Clarksville, Tennessee, she is **ASSESSED** the civil filing fee of $350.00 under the Prisoner Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321, codified in 28 U.S.C. § 1915. Plaintiff shall pay the full filing fee of three-hundred and fifty dollars ($350.00) pursuant to Prisoner Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321, codified in 28 U.S.C. § 1915.

Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of Plaintiff's inmate trust account at the institution where she now resides **SHALL** submit to the Clerk, United States District Court, 900 Georgia Avenue, Chattanooga, TN 37402, as an initial partial payment, whichever is the greater of

    (a)    twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or

    (b)    twenty percent (20%) of the average monthly balance in Plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian **SHALL** submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $350.00 as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk of Court is **DIRECTED** to send a copy of this memorandum and order to the Warden and the Custodian of Inmate Accounts at the Montgomery County Jail, the Commissioner of the Tennessee Department of Correction, the Attorney General for the State of Tennessee, and the

Court's Financial Deputy to ensure the custodian of Plaintiff's inmate trust account complies with the portion of the Prison Litigation Reform Act relating to payment of the filing fee.

The agency having custody of Plaintiff **SHALL** collect the filing fee as funds become available. This order **SHALL** become a part of Plaintiff's file and follow her if she is transferred to another institution. The agency having custody of Plaintiff **SHALL** continue to collect monthly payments from her prisoner account until the entire filing fee of $350.00 is paid.

Plaintiff is **ORDERED** to provide the prison officials at any new institution with a copy of this order. Failure of Plaintiff to notify the new prison officials of this order and outstanding debt will result in the imposition of appropriate sanctions against her without any additional notice or hearing by the Court.

**II.    VENUE**

Venue for a civil rights action is governed by 28 U.S.C. § 1391(b). That provision requires that an action such as the instant case, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which the defendants are subject to personal jurisdiction at the time that the action is commenced, if there is no district in which the action may otherwise be brought. In this case, it appears the individual defendants reside in or around Montgomery County and the companies perform services in Montgomery County. In addition, Plaintiff's claims arose at the jail in Montgomery County. Since Montgomery County lies within the Middle District of Tennessee, 28 U.S.C. § 123(b)(1), venue for this action properly belongs in that judicial district. Therefore, the case will be **TRANSFERRED** to the United States District Court, Middle District of Tennessee, Nashville Division pursuant to 28 U.S.C. § 1406(a).

3

Accordingly, the Clerk will be **DIRECTED** to transfer this action to the United States District Court for the Middle District of Tennessee, Nashville Division, pursuant to 28 U.S.C. § 1406(a) and **CLOSE** this case.

An appropriate Order will enter.

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**